UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Allina Health System,<br><br>    Plaintiff,<br><br>v.<br><br>SEIU Healthcare Minnesota, d/b/a SEIU Healthcare Minnesota and Iowa,<br><br>    Defendant. | Court File No. _____<br><br>**COMPLAINT** |

## **INTRODUCTION**

1. Plaintiff Allina Health System, ("Plaintiff" or "Hospital") brings this action to vacate an arbitration award issued on August 1, 2024, involving the above-captioned parties.

2. The arbitration involved a grievance filed by Defendant SEIU Healthcare Minnesota, d/b/a SEIU Healthcare Minnesota and Iowa ("Defendant" or "Union") dated July 20, 2023, alleging that the Hospital violated the parties' collective bargaining agreement (the "Agreement").

3. On August 1, 2024, Arbitrator Steven Hoffmeyer issued a Decision and Award ("the Award") sustaining the Union's grievance and ordering, among other things,

4260680.v1

the Hospital to pay a statutory penalty under Minnesota Statutes Section 181.79. By and through this action, the Hospital moves to vacate that portion of the award.[1]

4.      By ordering a statutory penalty under Minnesota Statutes 181.79, the Arbitrator exceeded his authority under the express terms of the Agreement, he ignored the plain language of the Agreement to enforce his own notion of industrial justice, and his Award does not draw its essence from the Agreement as required by law.

## JURISDICTION

5.      This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 151 *et seq.*, Section 301 of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185, Section 10 of the Federal Arbitration Act ("FAA"), codified at 9 U.S.C. § 10, and 28 U.S.C. § 1331.

6.      Venue is proper in the United States District Court for the District of Minnesota under 29 U.S.C. § 185, 9 U.S.C. § 10, and 28 U.S.C. § 1391.

## PARTIES

7.      Plaintiff is a Minnesota nonprofit corporation with offices located at 2925 Chicago Avenue South, Minneapolis, MN 55407. St. Francis Regional Medical Center, a hospital facility located at 1455 St. Francis Ave, Shakopee, MN 55379, is jointly owned by Plaintiff and two other healthcare systems. Under the ownership structure, the

---

[1] Although the Hospital strongly disagrees with the Arbitrator's findings and conclusions that the Hospital committed a violation of the Agreement in the first instance, this action is predicated on the Arbitrator's unlawful determination that the Hospital is required to pay a statutory penalty under Minnesota law which is neither endorsed nor authorized by the Agreement.

2

employees of St. Francis Regional Medical Center are employed by Plaintiff. Plaintiff is an employer engaged in commerce in the District of Minnesota within the meaning of the National Labor Relations Act ("NLRA").

8. Defendant is a Minnesota nonprofit corporation with the registered business address, 345 Randolph Ave Ste 100, Saint Paul, MN 55102. Defendant is the exclusive bargaining representative for a group of Plaintiff's employees at St. Francis Regional Medical Center, and Defendant is a "labor organization" within the meaning of the LMRA.

## STATUTORY FRAMEWORK

9. Labor relations between employers and labor organizations, including the Hospital and the Union, are governed by the NLRA, 29 U.S.C. § 151 *et seq.*, as amended by the LMRA, 29 U.S.C. § 171 *et seq.*

10. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes lawsuits against labor organizations.

11. Section 10 of the FAA, 9 U.S.C. § 10, authorizes vacation of arbitrator awards "where the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

## FACTUAL BACKGROUND

### The Collective-Bargaining Relationship

12. The Hospital and the Union are parties to the Agreement, effective May 14, 2021, through February 29, 2024. A copy of the Agreement is attached hereto as Exhibit 1.

**Relevant Contractual Provisions**

13. Article 7(A) of the Agreement states, in relevant part: "Any claim of an employee arising out of the interpretation, application, or adherence to the terms or provisions of this Agreement or arising out of disciplinary and discharge actions taken by the Employer shall be subject to the Grievance and Arbitration Procedure."

14. Article 7(B) of the Agreement states, in relevant part, "A written grievance shall include the Article and Section of the contract allegedly violated, the desired remedy or correction, and be signed and dated by a Union Steward and/or Union representative."

15. Article 7(C) of the Agreement states, in relevant part: "In the event the grievance is not resolved, either the Union or the Employer shall have the right to appeal the grievance to Arbitration. *** The decision or award by the Arbitrator . . . shall be final and binding. Neither the Arbitrator nor the Board of Arbitration shall have authority to add, subtract or modify the terms and provisions of this agreement. The Arbitrator and the Board of Arbitration shall be confined to the issues raised in the written grievance and it shall have no power to decide any other issues. ***."

15. Article 7(D) of the Agreement states: "In the event that the Employer deliberately violates the provisions of this Agreement relating to wages, hours of work, seniority rights, job classifications or titles, overtime differentials and vacations, any back pay owed to the employees because of such violation shall be paid by the Employer at the rate of two (2) times the standard straight-time rate or overtime rates. The Arbitrator or the Board of Arbitration shall calculate any cost violations and render the double penalty decision when it is definitely and conclusively shown that the violation was deliberate.

Reasonable evidence of clerical errors or honest mistakes in interpretation shall exempt the Employer from the double penalty provisions. In such case the Employer will be required to pay only the actual amount of back pay involved. This paragraph shall be subject to the above provisions of this Article."

<strong>The Dispute, Grievance, Arbitration, and Award</strong>

16. Through a written grievance dated July 20, 2023, the Union alleged the Hospital violated "Minnesota Statutes 2022 Section 181.79, Article 1, 4, 20 [of the Agreement], and all Sections that may apply."

17. The Union described the factual basis for the grievance as follows: "On or about July 7, 2023, the employer deducted overpayment from Zeidelina [Sanchez Hernandez] and other SEIU members without their consent. The employer also denied union representation in any meeting pertaining to the overpayment issue."

18. The employees who were the subject of the Union's grievance were inadvertently and erroneously overpaid by the Hospital. The Hospital disputed and continues to dispute the allegations in the grievance because Sanchez Hernandez never requested union representation, she voluntarily authorized (in writing) the recoupment of the overpayment, she had access to union representation before consenting in writing to the recoupment, and because there were no violations of the Agreement with respect to Sanchez Hernandez or any other Union member.

19. The parties were unable to resolve the matter using the Agreement's grievance procedures and subsequently submitted the matter to arbitration.

20. The parties selected Steven Hoffmeyer (the "Arbitrator") as a neutral arbitrator to resolve the dispute.

21. The arbitration hearing was held (virtually) on June 5, 2024.

22. The parties submitted written post-hearing briefs to the Arbitrator on July 11, 2024.

23. On August 1, 2024, the Arbitrator issued the Award in which he sustained the Union's grievance. A copy of the Arbitrator's Award is attached as Exhibit 2.

24. The Award fails to "draw its essence" from the parties' Agreement and the Arbitrator exceeded his authority.

25. The Arbitrator exceeded his authority by, among other things, ordering the Hospital to pay a penalty based exclusively upon Minnesota State law, Minnesota Statutes 181.79.

26. The Arbitrator exceeded his authority by, among other things, concluding the Hospital should be assessed a statutory penalty despite explicitly finding the Union was foreclosed from receiving penalties under Article 7(D) of the Agreement.

27. The Arbitrator exceeded his authority by, among other things, ignoring or disregarding the unambiguous language of Article 7(C) of the Agreement: "Neither the Arbitrator nor the Board of Arbitration shall have authority to add, subtract or modify the terms and provisions of this agreement."

28. The Arbitrator's Award constitutes a modification of the Agreement because it creates a statutory penalty provision. The Agreement does not provide for statutory

penalties and the Arbitrator was not otherwise empowered to order a statutory penalty under Minnesota state law.

29. The Award cannot be rationally derived from the terms of the Agreement because, rather than construing the parties' Agreement, the Arbitrator adopted his own remedy and applied his own brand of industrial justice.

30. Although Minnesota Statutes 181.79 should have never formed the basis for the Arbitrator's award of a penalty against the Hospital in the first instance, the Arbitrator disregarded the law by concluding that "[t]he CBA Grievance process is deemed to be the equivalent to the required 'civil action' to recoup this statutory penalty." In reality, the required "civil action" under Minnesota Statutes 181.79 is a civil action in the state or federal court systems. The Award is contrary to the plain language of Minnesota law.

31. The Award ignores express and unambiguous contract language.

32. The Arbitrator substituted his own notion of industrial justice for the parties' negotiated agreement.

## COUNT I
## VACATE ARBITRATION AWARD

33. The Hospital re-states and re-alleges all of the allegations in the preceding paragraphs as if fully incorporated herein.

34. In rendering his decision, the Arbitrator exceeded the authority granted to him under the terms of the collective bargaining agreement.

35. In rendering his decision, the Arbitrator ignored the plain language of the collective bargaining agreement to enforce his own notion of industrial justice.

4260680.v1

36. Although the Arbitrator was not authorized to order a penalty under Minnesota Statutes 181.79, in rendering his decision, the Arbitrator disregarded the law.

37. The Award does not draw its essence from the collective bargaining agreement. Rather, in rendering his decision, the Arbitrator dispensed his own notion of industrial justice.

WHEREFORE, Plaintiff respectfully requests that this Court issue an order:

1. Vacating and setting aside the Arbitrator's Award dated August 1, 2024, as it relates to the imposition of statutory penalties under Minnesota Statutes Section 181.79, as exceeding the scope of the Arbitrator's authority, ignoring the plain language of the collective bargaining agreement, as failing to draw its essence from the parties' Agreement, and/or as disregarding the law;

2. Denying that portion of the Union's grievance consistent with the terms of the vacatur; and

3. Awarding such costs, fees, and other remedies as this Court deems appropriate.

Dated:  September 4, 2024         FELHABER LARSON

                                  By:  /s/ Brian T. Benkstein
                                       Brian T. Benkstein, MN#325545
                                       David Richie, MN#0400223

                                  220 South Sixth Street, Suite 2200
                                  Minneapolis, MN  55402-4504
                                  Telephone:  (612) 339-6321
                                  Facsimile:  (612) 338-0535
                                  bbenkstein@felhaber.com
                                  drichie@felhaber.com

                                  ATTORNEYS FOR PLAINTIFF

8

4260680.v1